LAURA STEPHENS, alias LAURA EVANS, petitioner-appellant,

*v.*

BELMONT S. EVANS, defendant-respondent.

[Submitted May 31st, 1929.   Decided October 14th, 1929.]

*Mr. William M. McConnel,* for the appellant.

The opinion of the court was delivered by

PARKER, J.

This is an undefended suit for annulment of the marriage between the petitioner and the defendant, on the ground that at the time of such marriage defendant was legally the husband of another woman.   It appeared by the evidence that he had been married to such other woman but that she had secured a decree of divorce from him in Reno, Nevada, and that petitioner-appellant was aware of that decree when she married the defendant.   Appellant's claim to a decree of nullity in chancery was therefore based on the premise that the Reno decree was invalid; not voidable, but void, so that it would be subject to collateral attack.

The case was referred in due course to a special master, who found in favor of the appellant, but that finding was

set aside by the advisory master who reviewed it, on the ground that the Nevada decree could be attacked only for fraud or lack of jurisdiction, and that neither had been made to appear. Citing the *Cole Case, 96 N. J. Eq. 206;* the *Feickert Case, 98 N. J. Eq. 444,* and the *Fairchild Case, 53 N. J. Eq. 678.*

Counsel for appellant apparently has no fault to find with the reasoning of the learned advisory master on the points considered by him, but urges that said master has ignored the proviso of section 33 of the Divorce act (*Comp. Stat. p. 2041*), which, after prescribing that full faith and credit shall be given to decrees of other states, &c., concludes thus: "Provided, that if any inhabitant of this state shall go into another state, territory or country, in order to obtain a decree of divorce for a cause which occurred while the parties resided in this state, or for a cause which is not ground for divorce under the laws of this state, a decree so obtained shall be of no force or effect in this state."

There can be no doubt that this proviso is applicable to any case exhibiting the facts postulated therein; but this case does not show facts to call for its application. It does appear that the first wife removed to Reno, and that subsequently she obtained a divorce there. It may be assumed that such divorce was obtained for a cause not ground for divorce here, or for a cause which arose here. We do not pass on either point. But what does not appear is that the first wife went to Reno *in order* to obtain a divorce for such cause. There is absolutely nothing in the evidence with regard to the intent with which said first wife went to Reno. She was sworn as a witness and testified merely to dates. The language of the statute is clear that to void such a divorce the intent to evade our statute must appear. There is nothing in the case to rebut the normal presumption of legality in the Nevada divorce.

We conclude, then, that the point relied on by appellant is not well taken, and the decree will accordingly be affirmed.

It is proper to say that we have given no consideration to the question whether the first wife should have been a party

to this attack on her decree of divorce, nor to the propriety or procedural correctness of submitting on briefs *ex parte* a case involving marital status, in which, as frequently has been held, the state itself is interested.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PAR-KER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.